UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARNELL JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0121-B |
| | § | |
| DRIVER PIPELINE and DOES 1–25, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Defendants Driver Pipeline Company, Inc. ("Pipeline") and Does 1–25—unknown Defendants—(collectively "Defendants")'s Motion to Dismiss (Doc. 4). For the following reasons, the Court **GRANTS** Defendants' Motion and **DISMISSES** Plaintiff Karnell Jones's Complaint in its entirety **WITH PREJUDICE**. A final judgment will follow.

### I.

### BACKGROUND

This is an employment discrimination case. Jones is an African-American male who worked as a driver at Pipeline. Doc. 1-1, Pet., ¶ 11. Jones alleges that several Pipeline employees touched his "private parts in a manner that was both sexually invasive and demeaning." *Id.* ¶ 12. Jones's supervisor observed the harassment and "passively allowed the misconduct to continue." *Id.* ¶ 13. When Jones reported the incident, "his concerns were met with laughter." *Id.*

Jones also alleges that he was discriminated against because of his race. One employee said, "I find you ugly and black." *Id.* ¶ 14. Jones's supervisor witnessed this incident and did not address

it. *Id.* Another employee told Jones that his job "was intended exclusively for Mexican employees." *Id.* ¶ 15. After Jones reported this harassment, he was fired for "underperformance." *Id.* ¶ 17.

Jones filed a Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission. *Id.* ¶ 22; Doc. 4, Ex. 1.[1] The Charge listed "Age, Color, National Origin, Other, Race, [and] Retaliation" as the bases for discrimination. Doc. 4, Ex. 1, 1. The Charge stated, "I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21 and Title VII of the Civil Rights Act of 1964 as Amended based on my color/national origin/race/ and retaliation for exercising my protected rights." *Id.* The Charge also said he believed he was discriminated against because of his age. *Id.* It did not provide any other details about the alleged discrimination or any information about the alleged sexual harassment.

Jones filed suit against Defendants and asserts claims for (1) Discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) Retaliation under Title VII; (3) Sexual Harassment under Title VII; (4) Discrimination under Texas Labor Code Chapter 21 ("TCHRA"); (5) Retaliation under the TCHRA; (6) Sexual Harassment under the TCHRA; (7) Negligent Supervision and Retention; (8) Wrongful Termination in Violation of Public Policy; (9) Negligent Infliction of Emotional Distress; and (10) Intentional Infliction of Emotional Distress ("IIED"). Doc. 1-1, Pet., ¶¶ 26–73. Defendants move to dismiss all claims. Doc. 4, Mot., 14. The Court considers their Motion below.

---

[1] The Court will consider the Discrimination Charge attached to Defendants' Motion to Dismiss. *See Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) ("[D]ocuments that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to [his] claim.").

## II.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 12(b)(6) authorizes dismissal of a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion to dismiss, "[t]he court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (citation and internal quotations omitted). But the "court will not look beyond the face of the pleadings to determine whether relief should be granted based on the alleged facts." *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). When well-pleaded facts fail to meet this standard, "the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* at 679 (internal quotations and alterations omitted).

III.

ANALYSIS

The Court **GRANTS** Defendants' Motion to Dismisses and **DISMISSES** Jones's Complaint **WITH PREJUDICE**. First, the Court dismisses Jones's claims of discrimination and retaliation claims because Jones did not exhaust his administrative remedies. Second, the Court dismisses Jones's negligent supervision and IIED claims because they are preempted by Title VII and the TCHRA. Third, the Court dismisses Jones's wrongful termination in violation of public policy claim because Jones did not refuse to participate in an illegal act that carried criminal penalties. Fourth, the Court dismisses Jones's negligent infliction of emotional distress claim because it is not actionable under Texas law.

  A. *The Court Dismisses Jones's Claims of Discrimination and Retaliation Because He Did Not Exhaust His Administrative Remedies.*

The Court dismisses Jones's claims for discrimination, retaliation, and sexual harassment under Title VII and the TCHRA. To bring a suit under Title VII, "a complainant must file a charge of discrimination with the EEOC to exhaust his administrative remedies." *Melgar v. T.B. Butler Publ'g Co., Inc.*, 931 F.3d 375, 378 (5th Cir. 2019). "To satisfy exhaustion requirements, a claim must arise out of the plaintiff's EEOC charge, because a key purpose of the charge is to 'give the employer notice of the existence and general substance of the discrimination allegations.'" *Esaadi v. United Parcel Serv., Inc.*, No. 3:20-CV-1777-N-BK, 2023 WL 2776081, at *2 (N.D. Tex. Mar. 2, 2023) (Toliver, M.J.), *report and recommendation adopted*, 2023 WL 2776683 (N.D. Tex. Apr. 4, 2023) (Godbey, C.J.) (internal citation omitted). The Fifth Circuit has found that "the crucial element of a charge of discrimination is the factual statement contained therein." *Melgar*, 931 F.3d at 379. A

charge of discrimination must include "[a] clear and concise statement of the facts, including pertinent dates, constituting the alleged unlawful employment practices." 29 C.F.R. § 1601.12(a)(3).

A Title VII claim is not strictly limited to "the specific complaints made by the employee's initial EEOC charge, but also upon any kind of discrimination like or related to the charge's allegations, limited only by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination." *Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993) (quotation and citation omitted). But merely checking a box of discrimination is insufficient to exhaust administrative remedies. *Givs v. City of Eunice*, 512 F. Supp. 2d 522, 537 (5th Cir. 2007).

Exhaustion is also a condition precedent to filing a judicial claim of discrimination under the TCHRA. *Gorman v. Verizon Wireless Tex., L.L.C.*, 753 F.3d 165, 169–70 (5th Cir. 2014). "The scope of TCHRA litigation is limited to claims that were included in the administrative charge and to factually related claims that could reasonably be expected to grow out of the agency's investigation of the claims stated in the charge." *Walcott v. Tex. S. Univ.*, No. 1-12-355-CV, 2013 WL 593488, at *10 (Tex. App.—Hous. [1st Dist.] 2013, no pet.). Administrative charges should be construed with "utmost liberality." *Santi v. Univ. of Tex. Sci. Ctr. at Hous.*, 312 S.W.3d 800, 805 (Tex. App.—Hous. [1st Dist.] 2009, no pet.) (citing *Bartosh v. Sam Hous. State Univ.*, 259 S.W.3d 317, 321 (Tex. App.—Texarkana 2008, pet. denied)). But "the charge must contain an adequate factual basis to put the employer on notice of the existence and nature of the charges." *Walcott*, 2013 WL 593488, at *10. Here, Jones failed to exhaust his administrative remedies for his discrimination, retaliation, and sexual harassment claims.

First, Jones failed to exhaust his administrative remedies for his discrimination and retaliation claims. Jones's Charge states, "I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21 and Title VII of the Civil Rights Act of 1964 as Amended based on my color/national origin/race/ and retaliation for exercising my protected rights." Doc. 4, Ex. 1, 1. It also states that he believes that he was discriminated against because of his age. *Id.*

Jones's "failure to allege *any facts* in the Charge supporting his allegations is fatal to his claims." *Esaadi*, 2023 WL 2776081, at *4. Jones may not make a "belated attempt to flesh out his claims" in his Complaint because it would allow "a claimant to make over-generalized claims of discrimination and then build his case in court." *Id.* at *3. This would undermine the EEOC's investigatory purpose and fail to provide Pipeline with sufficient notice of the discrimination claims.

Second, Jones failed to exhaust his administrative remedies for his sexual harassment claim. Jones does not list sexual harassment, hostile work environment, or sex discrimination as one of the bases of his Charge, nor does he include any facts describing the alleged sexual harassment. And a sexual harassment claim could not "reasonably be expected to grow out of" the statement "I believe I have been discriminated against . . . based on my color/national origin/race/and retaliation for exercising my protected rights" or based on of age. *Walcott*, 2013 WL 593488, at *10; Doc. 4, Ex. 1, 1.

In his Response, Jones does not explain how he exhausted his administrative remedies. Instead, he merely asserts that his Charge "sufficiently put Defendants on notice of his claims." Doc. 5, Resp., 8. But Jones's Charge contains no facts. Instead, it merely states that he believes he was discriminated against on the basis of his race and age, which did not give Defendants sufficient notice for any of his claims. *See Walcott*, 2013 WL 593488, at *10. Accordingly, the Court dismisses

Jones's claims for discrimination, retaliation, and sexual harassment under Title VII and the TCHRA.

These claims are **DISMISSED WITH PREJUDICE**. Leave to amend would be futile because the deadline for Jones to amend his EEOC charge has passed. *See Bunker v. Dow Chem. Co.*, 111 F.4th 683, 688 (5th Cir. 2024) (affirming a dismissal with prejudice when a plaintiff failed to exhaust her administrative remedies and it was too late to cure the defect).

> B. *The Court Dismisses Jones's Negligent Supervision and IIED Claims Because They Are Preempted by Title VII and the TCHRA.*

Jones may not assert negligent supervision and IIED claims because they are preempted by Title VII and the TCHRA. "A state law claim is preempted by a federal statute when the 'gravamen of a plaintiff's complaint is of the type of wrong that the statutory remedy was meant to cover.'" *McNeill v. Tyson Fresh Meats, Inc.*, No. 2:23-CV-041-Z, 2023 WL 8532408, at *12 (N.D. Tex. Dec. 8, 2023) (Kacsmaryk, J.) (quoting *Waffle House, Inc. v. Williams*, 313 S.W.3d 796, 808–09 (Tex. 2010)). "Discrimination, retaliation, and hostile work environment are the type[s] of wrong[s] that Title VII was meant to cover, and therefore, liability for employment discrimination and retaliation is limited to the statutory scheme provided by Title VII." *Light v. Pepperidge Farm*, Inc., No. 4:23-CV-01177-P, 2024 WL 1703714, at *1 (N.D. Tex. Apr. 19, 2024) (Pittman, J.).

First, Jones's negligent supervision claim is preempted by Title VII and the TCHRA. Jones alleges that Pipeline failed to provide a reasonably safe work environment by failing to protect Jones from discriminatory conduct and a hostile work environment. Doc. 1-1, Pet., ¶ 66. But Title VII preempts this claim. *See Howe v. Yellowbook, USA*, 840 F. Supp. 2d 970, 980 (N.D. Tex. 2011) (Lynn, J.) ("Title VII preempts [Jones's] claim for negligent supervision and retention."). As does the

TCHRA. *See Waffle House*, 313 S.W.3d at 799. Accordingly, Jones's negligent supervision claim fails as a matter of law. *Eure v. Sage Corp.*, 61 F. Supp. 3d 651, 667 (W.D. Tex. 2014).

Second, Jones's IIED claim is preempted by Title VII and the TCHRA. Jones alleges that Defendants intentionally caused Jones emotional distress by creating a hostile work environment. Doc. 1-1, Pet., 16, ¶ 69. The Texas Supreme Court has found that "[i]f the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim regardless of whether he or she succeeds on, or even makes, a statutory claim." *Hoffmann–La Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 448 (Tex. 2004); *see also Watkins v. Texas Dep't of Crim. Just.*, 269 F. App'x 457, 465 (5th Cir. 2008) ("In light of the Texas Supreme Court's decision in *Hoffmann,* [Jones's] claims are preempted."). The gravamen of Jones's claim is that he was a victim of unwanted sexual harassment and discrimination while employed at Pipeline. Jones's IIED claim thus arises from the type of wrong that Title VII and the TCHRA seek to redress. Accordingly, his IIED claim fails.

In his Response, Jones argues that these claims should not be dismissed because his negligent supervision claim is distinct, and his IIED claim "remain[s] viable where an employer's conduct is extreme and outrageous." Doc. 5, Resp., 8–9. However, he cites no authority to support these propositions. And the outcome does not turn other whether the conduct is extreme or outrageous but rather whether the conduct arises from the type of wrong Title VII and the TCHRA seek to redress. Accordingly, the Court **DISMISSES WITH PREJUDICE** Jones's claims for negligent supervision and IIED because they are preempted by Title VII and the TCHRA. Granting leave to amend would be futile because Jones is unable to assert these claims as a matter of law. *See Hart v.*

*Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (noting a court may dismiss a claim with prejudice if the pleading defect is incurable).

   C. *The Court Dismisses Jones's Wrongful Termination in Violation of Public Policy Claim.*

Jones asserts a wrongful termination claim alleging that he was fired for reporting concerns about discrimination and sexual harassment. Doc. 1-1, Pet., ¶ 72. Under Texas's *Sabine Pilot* doctrine, an employer may not fire an employee "for the sole reason that the employee refused to perform an illegal act." *Sabine Pilot Serv., Inc. v. Hauck*, 687 S.W.2d 733, 735 (Tex. 1985). To establish a prima facie case of wrongful termination under *Sabine Pilot*, the plaintiff must allege that: 1) he "was required to commit an illegal act which carries criminal penalties;" 2) he refused to engage in the illegal act; 3) he was fired; and 4) "the sole reason for [his] discharge was [his] refusal to commit an unlawful act." *White v. FCI USA, Inc.*, 319 F.3d 672, 676 (5th Cir. 2003).

Jones failed to state a claim under *Sabine Pilot* because he does not allege that he was required to commit an illegal act which carries criminal penalties. Instead, Jones alleges that he was discharged "for seeking to uphold his legal rights and report unsafe conditions." Doc. 1-1, Pet., ¶ 73. Such allegations are insufficient to state a claim under *Sabine Pilot* because Jones did not allege that Pipeline asked him to commit any illegal acts which carried criminal penalties.

Jones argues the *Sabine Pilot* doctrine includes a claim that "an employee is terminated for reporting illegal conduct." Doc. 5, Resp., 9. But *Sabine Pilot* recognized a "narrow exception" to the at-will doctrine, which "covers only the discharge of an employee *for the sole reason* that the employee *refused to perform* an illegal act." 687 S.W.2d at 735 (emphasis added). It did not create civil liabilty when an employee is fired for *reporting* an illegal act. *See id.* Accordingly, the Court **DISMISSES** Jones's *Sabine Pilot* claim **WITH PREJUDICE.** Granting leave to amend would be futile because he

cannot allege facts that would show he was solely terminated because he refused to commit an illegal act which carried criminal penalties. *See Hart*, 199 F.3d at 247 n.6.

### D. The Court Dismisses Jones's Negligent Infliction of Emotional Distress Claim Because It Is Not a Cause of Action Under Texas Law.

Texas law does not recognize a claim for negligent infliction of emotional distress. *See Hagen v. Hagen*, 282 S.W.3d 899, 910 (Tex. 2009) (noting that negligent infliction of emotional distress "is not a valid claim"); *see also Martin v. Grehn*, 546 F. App'x 415, 421 (5th Cir. 2013) (stating that the tort of negligent infliction of emotional distress "does not exist in Texas"). "Because Texas law does not recognize this claim, it should be dismissed for failure to state a claim upon which relief can be granted." *Starrett v. City of Richardson*, No. 3:18-CV-0191-L, 2018 WL 4627133, at *12 (N.D. Tex. July 27, 2018) (Ramirez, M.J.), *report and recommendation adopted*, 2018 WL 3802038 (N.D. Tex. Aug. 10, 2018) (Lindsay, J.). Jones does not address this argument in his Response. *See generally* Doc. 5, Resp. Accordingly, the Court **DISMISSES** Jones's negligent infliction of emotional distress claim **WITH PREJUDICE**. *See Starrett*, 2018 WL 4627133, at *15 (dismissing with prejudice plaintiff's claims that were not recognized under state law); *Hart*, 199 F.3d at 247 n.6.

## IV.

## CONCLUSION

For the foregoing reasons, the Court **GRANTS** Defendants' Motion to Dismiss (Doc. 4) and **DISMISSES** Jones's Complaint in its entirety **WITH PREJUDICE**. A final judgment will follow.

**SO ORDERED.**

SIGNED: July 10, 2025.

_____
JANE J. BOYLE
UNITED STATES DISTRICT JUDGE