UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KARNELL JONES, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:25-CV-0121-B |
| | § | |
| DRIVER PIPELINE and | § | |
| DOES 1-25 INCLUSIVE, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff Karnell Jones's Motion for Reconsideration (Doc. 11). Jones asks the Court to alter or amend the Final Judgment (Doc. 8) pursuant to Federal Rule of Civil Procedure 59(e), or alternatively, relieve Jones from the Final Judgment pursuant to Federal Rule of Civil Procedure 60(b). For the reasons explained below, the Court **DENIES** Jones's Motion.

### I.

### BACKGROUND

The factual background of this case is presented in detail in the Court's Memorandum Opinion and Order granting a motion to dismiss brought by Defendants Driver Pipeline Company, Inc. ("Pipeline") and Does 1-25 (collectively "Defendants"). *See* Doc. 7, Mem. Op. & Order, 1-2. In August 2024, Jones filed a Charge of Discrimination (the "Charge") against Pipeline with the Equal Employment Opportunity Commission ("EEOC") and Texas Workforce Commission. Doc 1-1, Pet. ¶¶ 11-22; *see also* Doc. 4-1, Charge Discrimination, 1. The Charge listed "Age, Color, National Origin, Other, Race, Retaliation" as the bases for discrimination. Doc. 4-1, Charge Discrimination, 1. Moreover, it stated, "I believe I have been discriminated against in violation of Texas Labor Code,

Chapter 21 and Title VII of the Civil Rights Act of 1964 as Amended based on my color/national origin/race/ and retaliation for exercising my protected rights," and "I believe I have been discriminated against in violation of Texas Labor Code, Chapter 21 and the Age Discrimination in Employment Act of 1967 because of my age (46) and retaliation for exercising my protected rights." *Id.* Lastly, it noted that the discrimination took place from May 15, 2024, to June 21, 2024. *Id.*

In November 2024, Jones filed suit against Defendants and asserted claims for (1) discrimination under Title VII of the Civil Rights Act of 1964 ("Title VII"); (2) retaliation under Title VII; (3) sexual harassment under Title VII; (4) discrimination under Texas Labor Code Chapter 21 (the "TCHRA"); (5) retaliation under the TCHRA; (6) sexual harassment under the TCHRA; (7) negligent supervision and retention; (8) wrongful termination; (9) negligent infliction of emotional distress ("NIED"); and (10) intentional infliction of emotional distress ("IIED"). Doc. 1-1, Pet. ¶¶ 26-73. Defendants moved to dismiss all claims. Doc. 4, Mot. Dismiss, 14.

After reviewing the relevant pleadings and motions, the Court found Jones had failed to state claims upon which relief could be granted and resultingly dismissed all of Jones's claims against Defendants with prejudice. Doc. 7, Mem. Op. & Order, 10. Accordingly, the Court issued a Final Judgment decreeing Jones takes nothing. Doc. 8, Final J., 1. Within twenty-eight days of the issuance of the Final Judgment, Jones filed a Motion for Reconsideration. *See generally* Doc. 11, Mot. Recons. Defendants did not file a response. The Court evaluates the Motion below.

## II.

## LEGAL STANDARD

The Federal Rules of Civil Procedure do not recognize a general motion for reconsideration. *St. Paul Mercury Ins. Co. v. Fair Grounds Corp.*, 123 F.3d 336, 339 (5th Cir. 1997). "Rather, courts

treat such motions as motions pursuant to either Rule 54(b), 59(e), or 60 depending on when the motion is brought and the type of order that the party requests the Court to reconsider." *Mehar Holdings, LLC v. Evanston Ins. Co.*, No. 5:16-CV-491-DAE, 2016 WL 5957681, at *2 (W.D. Tex. Oct. 14, 2016) (citations omitted). "If the motion was filed within twenty-eight days after the entry of the judgment, the motion is treated as though it was filed under Rule 59, and if it was filed outside of that time, it is analyzed under Rule 60." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012) (citing *Texas A & M Research Found. v. Magna Transp., Inc.*, 338 F.3d 394, 400 (5th Cir.2003)). "Here, the relevant motion was filed within the applicable twenty-eight day time frame, and [the Court] thus consider[s] it as a motion to amend the judgment under Rule 59(e)." *Id.*

"Rule 59(e) motions serve the narrow purpose of permitting 'a court to alter or amend a judgment to (1) accommodate an intervening change in controlling law, (2) account for newly discovered evidence, or (3) correct a manifest error of law or fact.'" *Anderson v. Octapharma Plasma, Inc.*, No. 3:19-CV-2311-D, 2021 WL 4219700, at *1 (N.D. Tex. Sept. 16, 2021) (Fitzwater, S.J.) (quoting *Trevino v. City of Ft. Wor.*, 944 F.3d 567, 570 (5th Cir. 2019) (per curiam)) (other citation omitted). The Fifth Circuit has consistently held a motion for reconsideration pursuant to Rule 59(e) "is not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment." *Budri v. FirstFleet, Inc.*, 860 F. App'x 306, 308 (5th Cir. 2021) (citing *Templet v. HydroChem Inc.*, 367 F.3d 473, 479 (5th Cir. 2004) (citation omitted). "Reconsideration of a judgment after its entry is an extraordinary remedy that should be used sparingly." *Templet*, 367 F.3d at 479.

### III.

### ANALYSIS

The Court **DENIES** Jones's Motion for Reconsideration. In his Motion, Jones fails to identify a change in the law, new evidence, or a "manifest error of law or fact." *See Anderson*, 2021 WL 4219700, at *1. Instead, he merely "rehash[es] the arguments and legal theories" that the Court has already rejected and presents new arguments that could have been offered in his Response to the Motion to Dismiss. *Budri*, 860 F. App'x at 309. Jones therefore fails to present a sufficient basis for reconsideration.

Even if the Court was inclined to consider Jones's new arguments, such consideration does not change its decision to deny the Motion for Reconsideration. Jones argues the Court erred in dismissing his claims against Defendants with prejudice because (1) the doctrine of equitable tolling permits Jones to proceed with an untimely Charge, and (2) the Complaint could be amended to plead state law claims that are not preempted by Title VII and the TCHRA. The Court briefly examines each argument below.

The Court did not err in dismissing Jones's Title VII and TCHRA claims with prejudice because Jones's facts do not permit the application of equitable tolling. The Fifth Circuit has cautioned that the doctrine of equitable tolling is to be applied "sparingly." *DeBlanc v. St. Tammany Par. Sch. Bd.*, 640 F. App'x 308, 310 (5th Cir. 2016) (per curiam) (citation omitted). Equitable tolling is appropriate in three situations: "(1) the pendency of a suit between the same parties in the wrong forum; (2) [the] plaintiff's unawareness of the facts giving rise to the claim because of the defendant's intentional concealment of them; and (3) the EEOC's misleading the plaintiff about the nature of

her rights." *Weathers v. Houston Methodist Hosp.*, 116 F.4th 324, 330 (5th Cir. 2024) (per curiam) (quoting *Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 380 (5th Cir. 2019) (per curiam)).

In Jones's Motion, he asserts he "reasonably relied on the EEOC's determination that the charge was procedurally adequate," and "[i]t would be inequitable to penalize [Jones] for any perceived ambiguity or lack of detail in the charge, when the [EEOC] itself accepted the charge." Doc. 11, Mot. Recons., 6. The Court construes this assertion as an argument that the third situation—that the EEOC misled him—applies to his case. But the Fifth Circuit has found the third situation is limited to instances where the EEOC gave an employee the *wrong information*. *Manning v. Chevron Chem. Co.*, 332 F.3d 874, 881 (5th Cir. 2003). In *Manning*, the Fifth Circuit confirmed that the EEOC's reissuance of a right to sue letter does not by itself constitute giving an individual incorrect information. *Id.* Because Jones includes no allegations other than the receipt of his Right to Sue Letter, he has not alleged facts showing he received wrong information from the EEOC that would permit the third situation to apply to his facts. Moreover, the Court notes that Jones did not file the Charge pro se, *see id.* at 6, and the Fifth Circuit has held it is "reluctant to apply equitable tolling to situations of attorney error or neglect, because both parties are bound by the acts of their lawyer." *Granger v. Aaron's, Inc.*, 636 F.3d 708, 712 (5th Cir. 2011).

Turning to Jones's negligent supervision and retention, wrongful termination in violation of public policy, and IIED claims,[1] the Court did not err in dismissing those claims with prejudice. Jones did not request leave to amend in his response to the motion to dismiss. Instead, he requests the Court grant him leave to file an amended complaint in his Motion for Reconsideration. Doc.

---

[1] In his Motion for Reconsideration, Jones concedes an NIED claim does not exist under Texas law. Doc. 11, Mot. Recons., 12.

11, Mot. Recons., 7-12. Accordingly, the Court did not err in not granting unrequested relief. *See Estes v. JP Morgan Chase Bank, Nat. Ass'n*, 613 F. App'x 277, 280 (5th Cir. 2015) (per curiam) ("Nevertheless, a party must 'expressly request' leave to amend.") (quoting *United States ex rel. Willard v. Humana Health Plan of Tex. Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)).

Moreover, Jones's reconsideration motion further demonstrates that he pleaded his best case. *See Coleman v. Bank of N.Y. Mellon*, 969 F. Supp. 2d 736, 755 (N.D. Tex. 2013) (Lynn, J.) ("Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his or her best case." (citing *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999))). Jones asserts no new facts that suggest he could plausibly allege claims upon which relief could be granted. Instead, he merely references vague principles and adds conclusory statements. *See id.* at 8 ("Plaintiff asserts that Defendant's inadequate supervision enabled conduct that went beyond discrimination based on protected characteristics and included other harmful behaviors that may constitute independent tortious acts under Texas law."); *id.* at 10 ("Plaintiff could amend to allege facts, if supported by discovery, showing that certain abusive or malicious conduct directed at him was not related to . . . any protected category but rather arose from personal animosity or other reasons falling outside the reach of Title VII and the TCHRA."); *id.* at 11-12 ("Plaintiff requests leave to amend and clarify that he . . . actively refus[ed] to be complicit in practices that he believed to be unlawful . . . . This includes, for example, refusing to remain silent about workplace harassment, refusing to ignore dangerous safety issues, and rejecting instructions or expectations that he engage in or permit unlawful behavior."). Resultingly, he has not shown that dismissing the claims with prejudice was inappropriate.

## IV.

## CONCLUSION

Accordingly, for the reasons explained, the Court **DENIES** Jones's Motion for Reconsideration (Doc. 11).

**SO ORDERED.**

**SIGNED: March 4, 2026.**

*[signature]*

JANE J. BOYLE
SENIOR UNITED STATES DISTRICT JUDGE